[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION OF DECISION RE: APPROVAL OF COMMITTEE'S DEED
On July 29, 1991, after a hearing on the defendant, Lawler's, motion to set aside a foreclosure by sale and to disapprove the Committee's deed, this court approved the sale. The defendant, Lawler, now requests an articulation of that decision.
This action seeking to foreclose the defendant, Lawler's, property known as Notch Road and 17 Wall Street, Bolton, Connecticut, was returned to court on October 16, 1990. The subject real estate comprises approximately eleven acres, about three acres of which are industrially zoned and consist of a stone quarry and about eight acres of which are residentially zoned and on which sits a one and one half story, seven room dwelling in poor condition.
On January 22, 1991, the matter came to court for its first hearing on the plaintiff's Motion for Judgment of Strict Foreclosure. The defendant moved for a foreclosure by sale. Because the plaintiff did not have necessary military affidavits on file, the matter was unable to go to judgment on that date. The plaintiff's appraiser, Dean C. Amadon, did testify however, that in his opinion the fair market value of the entire parcel was $430,000.00 as of January 22, 1991. He also testified that, assuming the property could be divided into two separate saleable parcels, one the house and one the quarry, he would value the residential site at $200,000 and the quarry at $230,000.00.
The matter was continued for judgment until February 4, 1991 on which date the parties agreed to a foreclosure by sale. The defendant's debt to the plaintiff on that date was found to be $140,311.68 including interest. The per diem was found to be $39.82. The court allowed $6,000.00 for attorneys fees, including title examination, $4,500.00 as a reasonable fee for the appraiser plus costs. The defendant, Lawler, stipulated to the value determined by the appraiser, Amadon, including his allocation of value to the two separate parcels if, in fact, the real estate could be divided. Lawler requested that the real estate be split into CT Page 7808 two parcels, one the residential piece and the second the quarry, representing to the court that a survey done a few years earlier indicated that the property could be so divided. The parties agreed that the house with about eight acres would be sold first. The court, pursuant to the agreement of the parties, set the sale date for April 20, 1991 to allow the defendant enough time to complete the division of the real estate into two separate parcels.
On March 4, 1991, the matter came to court for a third hearing because the parcel had not been separated into two pieces. The A-2 survey that had been completed previously was of the entire parcel. Further work by the surveyor was necessary. In accordance with the defendant's continued request to divide the realty and sell off the house with its acreage in the first instance, the Court ordered the defendant to do what was necessary to allow the property to be divided and ordered that the plaintiff pay the cost for same and add it to the outstanding indebtedness of the defendant. The sale date remained April 20, 1991. The court awarded additional attorneys fees of $650.00 to plaintiff's counsel. Finally the court ordered the parties to immediately notify the court in the event the parcel could not be divided to allow a sale of the residential portion. The parties never reported back to court at any time prior to the sale on April 20, 1991.
The parties reappeared in court for the forth time on July 29, 1991. The purpose of this hearing was to approve the sale and the Committee's Deed. The parcel had not been split and the entire piece was sold at auction for $160,000. The defendant moved to set aside the sale, claiming that based, in part, upon the opinion of the Bolton Town Attorney, he then felt the property could be divided "without going through the actual subdivision process." In addition to the total indebtedness then due the plaintiff there were outstanding real estate taxes due the Town of Bolton totalling $17,000.00, a $2,200.00 personal property tax lien and a sheriff's fee. Moreover, it was represented to the court that the quarry permit had been revoked, that there had been damage done to a building utilized in connection with the quarry business and that there was a wanting of the quarry property generally. It was represented to the court that of the fifteen people who attended the auction there were only two bidders. Finally, the plaintiff agreed to forego any deficiency judgment if the court approved the sale.
Upon a careful consideration of the matter, including the length of time the action had been pending, the continued CT Page 7809 decline in real estate values during the pendency of the action, the previous considerations the court had given the defendant to facilitate a division of the real estate, the inability of the defendant to achieve a division of the parcel into two saleable pieces, the fact that no definitive resolution of a division of the property had been achieved by Lawler as of July 29, 1991, the fact that the substantial costs associated with the foreclosure were rapidly mounting, because of the fact that the defendant was unable to meet other costs attendant to the maintenance of the property including taxes and upkeep, the fact that waste was being committed, and the fact that the plaintiff agreed to waive any deficiency balance, the court concluded that the sale should be approved.
Hon. Howard Scheinblum, J. Superior Court Judge